GORIEZ, RESPONDENT, *v.* ROCK CREEK DITCH CO. ET AL., APPELLANTS.

(No. 5,264.)

(Submitted May 28, 1923. Decided June 21, 1923.)

[216 Pac. 778.]

*Injunction—Corporate Stock—Transfer on Books of Company —Pledges—Sale—Irregularity, When Harmless—Presumptions.*

Corporate Stock—Pledge—What Constitutes.
    1.  Where an owner of land and a water right therefor, represented by stock in an incorporated ditch company, sold the land and water right to another, who executed a purchase-money mortgage and as additional security delivered the stock certificate indorsed in blank to an attorney to be delivered to the purchaser if the mortgage was paid, or to the vendor if he foreclosed the mortgage, the delivery of the stock constituted a pledge of the stock.

Pledges—Delivery of Property Prerequisite.
    2.  The lien of a pledge is dependent on possession, and a pledge is therefore not valid until the property pledged is delivered to the pledgee or to a pledge-holder.

Corporate Stock—Pledge—Irregularity in Sale—When Nonprejudicial.
    3.  Where in an action to enjoin the transfer of stock in an incorporated ditch company which had been pledged as security in addition to a mortgage on land on which the water represented by the stock was used and sold by the pledgee upon default of the mortgagor (pledgor), bought by plaintiff and alleged by him to have been transferred later by the mortgagor to another, the fact that the pledgee did not upon default of the mortgagor at once sell the stock but delayed selling it until after the period of redemption of the land sold under foreclosure had expired, did not injure the pledgor (mortgagor) but was for his benefit and he was therefore in no position to complain of any irregularity in its sale.

Pledges—Sale—When Regularity Presumed.
    4.  Where the record on appeal is silent as to how pledged property
    was advertised and sold, it will be presumed that the procedure was
    regular, as against the contention that it was not.

*Appeal from District Court, Ravalli County; James M. Self, Judge.*

ACTION by G. D. Goriez against the Rock Creek Ditch Company and others. Judgment for plaintiff and defendants appeal. Affirmed.

*Mr. Albert Besancon,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. O'Hara, Madeen & Carmody* and *Mr. F. C. Webster,* for Respondent, submitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in injunction. The complaint is in ordinary form. It alleges the corporate existence of the "Rock Creek Ditch Company"; that the plaintiff is the owner of certain described lands in Ravalli county, which are arid in character and require irrigation to produce crops; that on January 2, 1893, the plaintiff with other persons owning and occupying adjacent lands made an appropriation of 1,280 inches of the waters of Rock Creek, and by means of a joint ditch diverted and conveyed the same for use upon their respective lands; that thereafter, for the purpose of enabling the appropriators to provide for the care and maintenance of the ditch, the defendant corporation was by them formed, conveyances made to it of all such water and ditch rights, and the entire authorized capitalization of the corporation was issued in stock certificates for shares in number proportionate to the respective interest of each of the incorporators in the ditch; that by the articles of incorporation it is expressly provided that the use to which such water rights shall be put is, first, to irrigate the lands of the

incorporators in the vicinity of Lake Como and the village of Darby, of which the lands of the plaintiff described was a part, and that fifty shares of the capital stock of the corporation with the water right represented thereby became, was and is an appurtenance to the lands of the plaintiff, and ever since the date of the incorporation of the defendant company has been used to irrigate plaintiff's land; that on or about the twelfth day of July, 1912, the plaintiff sold and transferred by deed the land above described, together with his water right, wherein such water right is described as "a paper assignment of fifty (50) shares of the capital stock of Rock Creek Ditch Company," together with all water, water rights, dams, ditches, flumes, tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining to the defendant F. D. Nichols, and at the same time received from Nichols a mortgage back on the land and water right as above described for the unpaid balance of the purchase price to be paid to plaintiff by said Nichols; that Nichols thereafter claimed to have sold and transferred the land and water right to Mary Klein, and that Nichols and Klein failed to pay the balance of the purchase price for the land and water right; that heretofore plaintiff commenced and prosecuted an action against them in the above court to foreclose the mortgage given plaintiff to secure the balance of the purchase price, and such proceedings were had in the action that a judgment was regularly rendered therein in favor of the plaintiff and against defendants Nichols and Klein on the twenty-ninth day of January, 1920, and an order of sale of the premises duly issued; that the land and water right were sold by the sheriff of Ravalli county under such order of sale to this plaintiff on the twenty-seventh day of February, 1920, and a sheriff's certificate was duly issued to plaintiff for the land and water right represented by fifty shares of stock of the ditch company; that plaintiff is now the owner and holder of the sheriff's certificate of sale, and unless the property is re-

deemed will be entitled to receive a sheriff's deed for the land and water right represented by the shares of stock after the expiration of one year from and after February 27, 1920; that recently Nichols has claimed to have sold and assigned the certificate for the fifty shares of stock in the ditch company to defendant Randolph R. Waugh, and that a meeting of the board of directors of the Rock Creek Ditch Company has been called for May 24, 1920, at which time Waugh will apply to have the same transferred on the books of the ditch company and a new certificate for such stock issued to him; that the ditch company will make such transfer on its books and issue a new certificate to Waugh unless they are restrained and prevented by the order of this court.

The prayer is that the plaintiff be decreed to be the owner of the certificate of stock in the Rock Creek Ditch Company, and that the defendants Nichols, Klein and Waugh have no right, title or interest therein, other than the right to redeem from the foreclosure sale, until the mortgage indebtedness is paid; that the Rock Creek Ditch Company, its officers, agents and servants be restrained and enjoined from transferring the certificate of stock on the books of the company or issuing a new certificate of stock representing the fifty shares of stock in the company to Randolph R. Waugh, or any other person; and that defendant Rock Creek Ditch Company be enjoined and restrained from transferring such certificate or issuing a new certificate pending the hearing on an order to show cause.

The defendants Nichols, Klein and Waugh filed a joint answer to the complaint, and the Rock Creek Ditch Company answered separately. Issue was joined by the filing of separate replies to the answers, and the cause was tried to the court without a jury. The court rendered its judgment in plaintiff's favor, decreeing him to be the true and lawful owner of the certificate for fifty shares of stock in the Rock Creek Ditch Company, and of the water right represented thereby appurtenant to the land; and forever enjoining and

restraining the ditch company, its officers, agents and servants from transferring such certificate of fifty shares of capital stock on the books of the company, and from issuing to the defendant Waugh a certificate representing such shares.

A motion for a new trial having been denied, the cause is now before us upon the appeal of the defendants from the judgment.

The assignments of error made by the defendants relate to the correctness of the findings of fact and conclusions of law embodied in the court's decree, and in entering its judgment.

But one question is presented determinative of this appeal, *viz.*: "Did the court err in issuing an injunction?"

It appears that on or about the twenty-sixth day of July, **[1]** 1912, the plaintiff was the owner of certain lands with water rights which were represented by shares of the capital stock of the Rock Creek Ditch Company, a Montana corporation. On that date he conveyed to the defendant Nichols the land described in the complaint, "also a paper assignment of fifty (50) shares of the stock of the Rock Creek Ditch Company." Nichols and wife executed and delivered a purchase price mortgage back to plaintiff of the same lands "together with a paper assignment of fifty (50) shares of the capital stock of Rock Creek Ditch Company, and together with all water, water rights, dams, ditches, flumes, tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining."

Nichols having defaulted in payment of the amount due on the mortgage, it was foreclosed, and the property sold at sheriff's sale. A sheriff's deed was executed to the plaintiff on June 30, 1921, for the land, and the shares of stock in the ditch company, employing therein in conveyance of the stock and water rights language identical with that contained in the mortgage. The paper assignment referred to in the deed and mortgage was executed July 31, 1912, and thereby Goriez sold and delivered to Nichols the fifty shares

of stock in controversy. The stock certificate was assigned in blank and left with Attorney R. A. O'Hara by the parties, namely, Nichols and Goriez, with the understanding that it should be held by O'Hara as security for the mortgage indebtedness. O'Hara placed the stock certificate with the Citizens' State Bank, or the president thereof, for safekeeping, and it was there held until a day or two before the trial of this action, when it was delivered to the plaintiff herein. The certificate being personal property, and being included in the mortgage from Nichols to Goriez to secure the former's indebtedness, it is easily to be understood from the evidence how it became intrusted to O'Hara as security for the payment of the debt. In effect, the delivery of it to O'Hara amounted merely to pledging it pursuant to the terms of the mortgage and O'Hara was thereby constituted a pledge-holder.

"A pledge" is defined as the deposit of personal property by way of security for the performance of another's act (sec. 8292, Rev. Codes 1921), and every contract by which the possession of personal property is transferred as security only is to be deemed a pledge (*Id.,* sec. 8293). The lien of [2] a pledge is dependent on possession, and no pledge is valid until the property pledged is delivered to the pledgee, or to a pledge-holder. A pledgor and pledgee may agree upon a third person with whom to deposit the property pledged, who, if he accepts the deposit, is called a "pledge-holder." (*Id.,* sec. 8299.)

R. A. O'Hara, the attorney who drafted the deed, memoranda of agreement and mortgage, testified as a witness for the plaintiff: "My recollection is we prepared an option between Gorus and Nichols for the sale of the Gorus property, the Gorus ranch, and later on we prepared a contract for the sale of land and water, and then in pursuance of that contract two deeds and a mortgage. * * * Q. Those are the same three instruments? A. Yes, and I think perhaps an escrow agreement with reference to the sale of forty

shares of stock of the other transaction.  Q. I see, what about
the fifty shares of stock in escrow, an agreement in regard
to that?  A. No, the fifty shares of stock at the time the
deal was closed up I took in charge with the understanding
between Nichols and Goriez that when the mortgage was
paid it would be delivered to Nichols and if it was not paid
it would be returned to Mr. Goriez.  Q. What did you do
with the stock?  A. I left it in the bank.  Q. The Citizens'
State Bank?  A. Yes.''

The defendant Waugh made purchase of other lands in
Ravalli county, comprising 160 acres, from the defendant
Mary Klein, on May 24, 1920, through the defendant Nichols
acting as her agent.  The deed, after describing the land,
recites: ''Also all her right, title, interest and equity in and
to fifty (50) shares of the capital stock of the Rock Creek
Ditch Company, a corporation.''  Defendant Klein had origi-
nally secured from Nichols transfer of the tract sold by her
to Waugh, and in the deed to her the fifty shares of stock in
the ditch company are described the same as in the deed
from Goriez to Nichols, i. e., ''also a paper assignment of
fifty (50) shares of the stock of the Rock Creek Ditch Com-
pany.''  Nichols assigned his rights in and to the water
stock to Waugh, shortly before the purchase of such lands
by Waugh from Mary Klein, for the sum of $300.  Such
assignment is in writing and reads as follows:

''Assignment and Transfer.

''Know all men by these presents: That Frederick D.
Nichols, party of the first part for and in consideration of
the sum of ten dollars ($10.00) lawful money of the United
States of America to him in hand paid by Randolph P.
Waugh, the second party, the receipt hereof being here
acknowledged, does by these presents assign, grant, bargain,
sell and convey to the second party, his successors, heirs and
assigns the following described property to wit: Fifty (50)
shares of the capital stock of the Rock Creek Ditch Com-
pany, a corporation, said company maintaining its office and

place of business at Darby, in Ravalli county, Mont. To have and to hold the same to the said party of the second part, his executors, administrators and assigns forever. In witness whereof the first party has hereunto set his hand and seal the 14th day of April in the year of our Lord one thousand nine hundred and twenty (1920).

"[Signed] Frederick D. Nichols."

It was duly acknowledged, and to it there is attached an affidavit by Nichols of loss of the original stock certificate, and request that the company transfer such stock upon its books and issue a duplicate stock certificate to Waugh.

The allegations of the plaintiff's complaint were generally found to be true, and all disputed questions of fact were resolved by the court in the plaintiff's favor upon ample evidence. Among other findings of fact, it was by the court found: "That said certificate of fifty shares of the capital stock of the Rock Creek Ditch Company was indorsed by plaintiff and delivered to Citizens' State Bank, Hamilton, Montana, to be delivered to the defendant F. D. Nichols, his heirs or assigns, on payment of the said mortgage, and in case of default therein and foreclosure of said mortgage, to be returned to the plaintiff. * * * That the defendant F. D. Nichols failed to pay said mortgage when due, and that an action was brought in the district court of the Fourth judicial district of the state of Montana, in and for Ravalli county, to foreclose said mortgage, and that such proceedings were thereupon had that said premises above described were sold at foreclosure sale, together with certificate for fifty shares of the capital stock of Rock Creek Ditch Company, and a sheriff's certificate of sale issued in pursuance thereof, and that a sheriff's deed has now issued to plaintiff therefor, and said certificate of stock has been delivered to him by said Citizens' State Bank. * * * That the year provided by law for redemption of property sold under foreclosure sale has expired, and that the plaintiff is now in possession of a sheriff's deed to the said

premises in the mortgage, and hereinbefore described, and the plaintiff is entitled to the possession of the said certificate of fifty shares of stock.''

From the facts found, the following conclusions of law were made by the court: ''(1) That the plaintiff is the lawful owner and holder of the fifty shares of the capital stock of Rock Creek Ditch Company hereinabove referred to, and of the water right represented thereby. (2) That the defendant Randolph R. Waugh, his heirs and assigns, have no right, title, or interest in or to said certificate of fifty shares of the capital stock of Rock Creek Ditch Company, and plaintiff is entitled to have the transfer of the same to him, or to his heirs or assigns on the books of Rock Creek Ditch Company, permanently enjoined.''

It does not appear whether the stock certificate for the [3] fifty shares in controversy has been regularly sold as a pledge in accordance with the statute by summary sale or foreclosure. Even though it may not have been, the plaintiff is now entitled to sell it for nonpayment of the mortgage indebtedness, for which it was security. So that for an irregularity in the manner of sale, if it exists, the findings of the trial court should not be disturbed. Upon default in payment of the mortgage, the plaintiff was entitled at once to sell the shares of stock in pledge, and upon such sale no right of redemption existed in favor of the defendants. The plaintiff however, chose to allow further time to the defendants within which to redeem the pledge, *i. e.,* until after the period of redemption of the land sold under foreclosure had expired. The record is silent as to how the [4] shares of stock were advertised and sold by the sheriff, so that it will be presumed that the sale was regular.

Applying the rules of law respecting pledges, it is clear that the trial court was correct in its conclusions. The defendants have been benefited rather than injured by the leniency of the plaintiff, and the judgment will not be disturbed because of possible irregularity in the sale of the

pledge. This may yet be regularly accomplished independently, should it be found desirable for the protection of plaintiff's rights.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Stark concur.